IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM D. LEE, Y27532, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No. 24-cv-2141-RJD |
| SERGEANT BAILEY, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**DALY, Magistrate Judge:**

Plaintiff William D. Lee, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Lawrence Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Pinckneyville Correctional Center (Pinckneyville). (Doc. 1). Specifically, Plaintiff alleges that Defendant Bailey verbally harassed him and threatened him. The Court dismissed Plaintiff's initial complaint as insufficient to state a claim (Doc. 13), and he has now filed a timely amended complaint (Doc. 14).

The Amended Complaint (Doc. 1) is now before the Court[1] for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE AMENDED COMPLAINT

Plaintiff's original complaint contained a single page of allegations that alleged Defendant Bailey verbally sexually harassed him, without much detail about the encounter. (Doc. 1 at 5). It was accompanied by a grievance response from the Administrative Review Board, which indicated an investigation into the matter was ongoing at the prison. (Doc. 1 at 10). On this scant information, the Court concluded Plaintiff's complaint was not sufficient to demonstrate anything more than simple harassment.

In the Amended Complaint, Plaintiff now provides significant additional detail about the sexual comments made by Defendant Bailey. (Doc. 14 at 13). Specifically, he claims Bailey watched him while he showered, Bailey then approached the shower and made comments about wanting to engage in sexual relations with him, Bailey wielded his mace and ordered Plaintiff back to his cell, and Bailey followed him to the cell and made additional sexualized comments. The specific comments that Plaintiff describes in the text of the complaint were also presented in grievances that he attached to his complaint. (Doc. 14 at 8-11). In response to the grievances, both the prison and the Administrative Review Board indicated that the matter was under investigation. (Doc. 14 at 8, 11).

Based on the allegations in the Complaint, the Court designates the following claim:

**Claim 1:** Eighth Amendment cruel and unusual punishment claim against Defendant Bailey for his alleged comments and threatening behavior directed towards Plaintiff in January of 2023.

The parties and the Court will use this designation in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Amended

Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## DISCUSSION

As the Court previously explained, verbal harassment generally does not rise to the level of a constitutional violation, though some harassment may be serious enough to constitute cruel and unusual punishment. *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (finding that verbal sexual harassment, accompanied by suggestive gestures, that created a risk both from the harasser and fellow inmates, was sufficient to proceed beyond initial review); *Brand v. Oglesby*, 2021 WL 4262447 at *1 (S.D. Ill. 2021) (finding a claim insufficient where plaintiff alleged that a guard ran into his cell, verbally threatened him, and indicated he would deploy pepper spray if plaintiff moved). Some threats may rise to the level of cruel and unusual punishment. *Dobbey v. Ill. Dept. of Corr.*, 574 F.3d 443, 445 (7th Cir. 2009).

At this preliminary juncture, the Court finds that the specific language and conduct of Defendant Bailey may have been such that a reasonable victim would be fearful. In *Beal v. Foster*, the Court found that the combined impact of explicit sexual comments by a sergeant and physical conduct was sufficient to potentially support a finding that the conduct created fear in the plaintiff of an increased risk of sexual assaults by other inmates. 803 F.3d at 358-59. Here, the Court finds that Plaintiff's allegations are similar to *Beal* and thus are sufficient to proceed beyond initial review. Plaintiff alleges that the Defendant approached him while he was naked in the shower, made comments about his desire to engage in sexual conduct and penetration with Plaintiff, wielded his can of mace and commanded Plaintiff back to his cell, and then followed Plaintiff to

his cell and expressed further sexual desires. These actions in a prison setting could have created fear in Plaintiff that he was unsafe from sexual advances or an assault, and Plaintiff alleges the behavior had that effect on him. Plaintiff may proceed on Claim 1 against Defendant Bailey.

## DISPOSITION

**IT IS HEREBY ORDERED THAT Claim 1** of the Amended Complaint (Doc. 14) survives initial screening as described above against Defendant Bailey.

The Clerk of Court is **DIRECTED** to prepare for Defendant Bailey: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 14), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to**

**Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/31/2025**

*s/ Reona J. Daly*
REONA J. DALY
U.S. Magistrate District Judge

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

      The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.